IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEXINGTON INSURANCE CO., §
§
            Plaintiff, §
§
v. § CIVIL ACTION NO. H-05-0820
§
DAYBREAK EXPRESS, INC., §
§
            Defendant. §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff, Lexington Insurance Company, As Subrogee of Burr Computer Environments, Inc.'s Motion for Remand (Docket Entry No. 6). For the reasons discussed below, the court will grant the motion to remand.

## I. Background

Plaintiff, Lexington Insurance Co., filed this suit in the 333rd Judicial District of Harris County, Texas. According to the original petition, defendant, Daybreak Express, Inc., agreed through an agent to pay Burr Computer Environments, Inc. $166,655 in order to settle claims for damage to "a load of sensitive electrical equipment" Daybreak had delivered to Burr.[1] Daybreak, however, "subsequently refused to fund the settlement."[2]

---

[1]Plaintiff's Original Petition at p. 2, attached to Notice of Removal, Docket Entry No. 1.

[2]Id.

Lexington, which reimbursed Burr for its losses and became its subrogee, asserts a breach of contract claim based on Daybreak's failure to honor the settlement agreement.[3]   Lexington has not alleged any other cause of action.

On March 15, 2005, Daybreak filed a notice of removal. Daybreak argues that this court has jurisdiction over the case because "it is a civil action pending in the State Court against a common carrier to recover damages for alleged delay, loss or injury to a shipment arising under" federal statute.[4]

## II.   <u>Standard of Review</u>

28 U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. <u>Cuellar v. Crown Life Ins. Co.</u>, 116 F.Supp.2d 821, 825 (S.D. Tex. 2000).   Lexington seeks remand on the grounds that this court lacks subject matter jurisdiction.

The defendant may remove to federal court only state-court actions that originally could have been filed in federal court. <u>Caterpillar Inc. v. Williams</u>, 107 S.Ct. 2425, 2429 (1987).   Absent diversity, removal is only appropriate for claims within the district courts' federal question jurisdiction.   28 U.S.C. § 1331. Federal question jurisdiction extends to "all civil actions arising

_____

[3]<u>Id.</u> at 3.

[4]Notice of Removal, Docket Entry No. 1, at ¶ 6.

-2-

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence or absence of federal-question jurisdiction is determined according to the "well-pleaded complaint rule," which finds federal jurisdiction only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc., 107 S.Ct. at 2429. The "complete pre-emption" doctrine is an "independent corollary" to the well-pleaded complaint rule. Id. at 2430. It recognizes that a federal statute may have such preemptive force as to convert a claim purporting to be based on state law into one stating a federal claim for purposes of the well-pleaded complaint rule. Id.

When the jurisdiction of the court is challenged the party seeking to invoke federal jurisdiction has the burden of establishing the existence of subject matter jurisdiction. Estate of Martineau v. ARCO Chem. Co., 203 F.3d 904, 910 (5th Cir. 2000). Removal jurisdiction "raises significant federalism concerns" and must therefore be strictly construed. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). Ambiguities or doubts are to be resolved against removal. Value Recovery Group, Inc. v. Hourani, 115 F.Supp.2d 761, 765 (S.D. Tex. 2000).

## III.  Analysis

Daybreak concedes that a federal claim does not appear on the face of the original petition, but argues that federal jurisdiction

-3-

is nevertheless proper under the complete preemption doctrine.[5]
Daybreak cites Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir.
2003), where the Fifth Circuit applied this doctrine to conclude
that a plaintiff's state law claims against a common carrier for
loss or damage to her personal property arose under federal law.[6]
Id. at 771, 778.  The court was persuaded that 49 U.S.C. § 14706 --
the Carmack Amendment to the federal Interstate Commerce Act --
provides the exclusive cause of action for loss or damages to goods
arising from the interstate transportation of those goods by a
common carrier.   Id. at 778.   Daybreak suggests that this case
falls squarely under Hoskins.[7]

Daybreak's reliance on Hoskins is misplaced.  As the Hoskins
court recognized, the Carmack Amendment's preemptive effect derives
from Congress's purpose in enacting it:  to provide a uniform,
national remedy against common carriers, which were

> being subjected to such a diversity of legislative and
> judicial holding that it was practically impossible for
> a shipper engaged in a business that extended beyond the
> confines of his own State, or for a carrier whose lines
> were extensive, to know, without considerable
> investigation and trouble, and even then oftentimes with
> but little certainty, what would be the carrier's actual
> responsibility as to goods delivered to it for
> transportation from one State to another.

_____

[5]Daybreak Express, Inc.'s Response to Plaintiff's Motion to
Remand, Docket Entry No. 7, pp. 1-3.

[6]Id. at 3-6.

[7]See id. at 8.

-4-

Id. at 776 (quoting Adams Express Co. v. Croninger, 33 S.Ct. 148 (1913)).  The Carmack Amendment therefore supersedes the "special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments." Id. at 777 (quoting Missouri, K. & T.R. Co. of Tex. v. Harris, 34 S.Ct. 790 (1914)).  The Hoskins plaintiff's state-law claims were properly construed as arising under the Carmack Amendment because the plaintiff sought to hold her carrier responsible for damage incurred in the shipment of property from Texas to Virginia.

In the present case, by contrast, Lexington does not seek to impose liability on Daybreak for damages arising from the interstate transport of property.  Instead, Lexington seeks to enforce an agreement it alleges Daybreak entered into in order to settle claims for damages to a shipment of electrical equipment. Resolution of this contract claim does not turn on the rights and responsibilities of Daybreak as a carrier in interstate commerce. The point of the alleged settlement agreement was precisely that Lexington's subrogor would *not* pursue the claims that may fall under the Carmack Amendment.[8]  Because this is not a suit to

---

[8]Daybreak asserts that "[e]very federal circuit now agrees that breach of contract claims are preempted" by the Carmack Amendment.  Id.  But Daybreak misses the subtlety evident in the quotation it chooses to support this claim:

> [T]he Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability
> (continued...)

recover for loss or damage to property against a carrier but rather one to enforce a settlement agreement, the case will be remanded to state court.

## IV.  <u>Order</u>

For the reasons stated above, Plaintiff, Lexington Insurance Company, As Subrogee of Burr Computer Environments, Inc.'s Motion for Remand (Docket Entry No. 6) is **GRANTED**, and this action is **REMANDED** to the 333rd District Court of Harris County, Texas.  The Clerk will provide a copy of this Memorandum Opinion and Order to the parties and to the District Clerk of Harris County, Texas.

**SIGNED**, at Houston, Texas, on this 24th day of June, 2005.

_Sim Lake_

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE

_____

[8](...continued)
of carriers under a bill of lading for goods lost or damaged in shipment.  Allowing a shipper to bring common law breach of contract or negligence claims against a carrier *for such loss or damage* conflicts with this policy.

<u>Shao v. Link Cargo (Taiwan) Ltd.</u>, 986 F.2d 700, 706 (4th Cir. 1993) (emphasis added).

Lexington seeks to recover in contract not for loss or damage to the electrical equipment but rather for breach of Daybreak's alleged promise to settle those claims for the specified sum. Daybreak's remaining argument that this cannot be a suit for breach of a settlement agreement because no agreement was ever reached addresses the merits of the claim and is irrelevant to whether the complaint presents a federal question.  See Daybreak Express, Inc.'s Response to Plaintiff's Motion to Remand, Docket Entry No. 7., pp. 9-11.